UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-438-FDW

| DAMEION CLEGG, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| DAVID AARON, | ) |  |
| FNU MORRISON, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983, and Plaintiff's application to proceed *in forma pauperis*.[1]

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina and is presently confined in the Lanesboro Correctional Institution which is located within this district. In his complaint, Plaintiff alleges that some of his property, which included both religious and legal property, was destroyed without his consent. Plaintiff contends that the defendants were negligent in destroying the property; that his constitutional rights have been violated, and that he is entitled to monetary damages for mental distress, and to reimburse him for the loss of property.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The Court has examined Plaintiff's affidavit and his prisoner trust account and finds that he does not have sufficient funds from which to prepay the costs of this civil action. Plaintiff's motion to proceed *in forma pauperis* will therefore be allowed.

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the

state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

In Plaintiff's complaint, he makes no assertion that he has participated in the ARP but he has filed separate documents which demonstrate that he completed the first two steps of the grievance procedure. Plaintiff signed the Step Two response on July 28, 2014, and indicated his intention to appeal the recommendation that no further action be taken on his grievance to Step Three of the ARP. (Doc. No. 4 at 3). Plaintiff appeared before a Notary Public on July 30, 2014 and averred that the contents of his complaint were true, (Doc. No. 1 at 11), and his complaint was

mailed on August 8th. (Doc. No. 1-1: Envelope). It appears from this record that in his haste to file suit, Plaintiff failed to await the outcome of his Step Three appeal and as noted above, a prisoner must exhaust his administrative remedies before filing suit.

Based on the foregoing review of the record, it appears that Plaintiff has failed to exhaust his administrative remedies. Accordingly, this civil action will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge